UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARGARET PALMENTO,

                        Plaintiff,                Docket No.:
                                                       05 CIV. 2955(SCR)

    - against -

CITY OF MIDDLETOWN, JOSEPH                **NOTICE OF**
DESTEFANO, MAYOR, CITY OF                    **MOTION**
MIDDLETOWN, CHRISTOPHER FARINA,
FRANCES AMELIO and PHILLIP ROTELLA
sued in their individual Capacities
and as Commissioners of the City of
Middletown Civil Service Commission,

                        Defendants.

------------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that upon the annexed Affirmation of Paul E. Svensson, Esq., Statement of Facts, Exhibits, Memorandum of Law, and all pleadings and proceedings had heretofore herein, defendants, CITY OF MIDDLETOWN, JOSEPH DESTEFANO, MAYOR, CITY OF MIDDLETOWN, CHRISTOPHER FARINA, FRANCES AMELIO and PHILLIP ROTELLA sued in their individual Capacities and as Commissioners of the City of Middletown Civil Service Commission, hereby move this Court for an order, pursuant to Fed. R. Civ. P 56 on the issue of qualified immunity and pursuant to Fed. R. Civ. P. 12 (b)(6) on the grounds that plaintiff has failed to state a cause of action, dismissing plaintiff's Complaint in its entirety, together with such further and other relief as this Court may deem just and fair under the circumstances herein.

      **PLEASE TAKE FURTHER NOTICE** that the Court has set the following briefing schedule.

Service of Motion for Summary Judgment: **June 16, 2006**

Opposition Papers, if any, by: **July 7, 2006**

Reply papers, if any, by: **July 17, 2006**

Dated: White Plains, New York
      April 21, 2006

                              Yours etc.,
                              Boeggeman, George, Hodges & Corde

                              */s/ Paul E. Svensson*
                              Paul E. Svensson (PS 3403)
                              Attorneys for Defendants
                              11 Martine Avenue
                              White Plains, New York  10606
                              (914) 761-2252

TO:    Law Offices of Michael H. Sussman
         40 Park Place
         P.O. Box 1005
         Goshen, New York 10924
         (845) 294-3991

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARGARET PALMENTO,

                         Plaintiff,                   Docket No.:
                                                                   05 CIV. 2955(SCR)

- against -

CITY OF MIDDLETOWN, JOSEPH                   **AFFIRMATION**
DESTEFANO, MAYOR, CITY OF
MIDDLETOWN, CHRISTOPHER FARINA,
FRANCES AMELIO and PHILLIP ROTELLA
sued in their individual Capacities
and as Commissioners of the City of
Middletown Civil Service Commission,

                         Defendants.
------------------------------------------------------------------X

       Paul E. Svensson, an attorney duly admitted to practice in the State of New York, hereby affirms the following under the penalties of perjury:

       1.       I am an associate with the law firm of BOEGGEMAN, GEORGE, HODGES & CORDE, P.C., attorneys for Defendants, CITY OF MIDDLETOWN, JOSEPH DESTEFANO, MAYOR, CITY OF MIDDLETOWN, CHRISTOPHER FARINA, FRANCES AMELIO and PHILLIP ROTELLA sued in their individual Capacities and as Commissioners of the City of Middletown Civil Service Commission, and am fully familiar with the facts underlying this litigation by way of my review of the file maintained by this office.

       2.       I submit this Affirmation in support of Defendants' motion, pursuant to Fed. R. Civ. P. 56 for summary judgment based upon a defense of qualified immunity and plaintiff's failure to state a cause of action.

3.      Plaintiff's, MARGARET PALMENTO, Complaint, dated March 10, 2005 is annexed hereto as **EXHIBIT A**. Plaintiff alleges that her termination resulted from retaliation against "speech acts" and "perceived association" protected under the First and Fourteenth Amendments. (Exhibit A, par. 5, 52, 56-8).

4.      Defendants' Answer, dated April 22, 2005 is annexed hereto as **EXHIBIT B**. Defendants set forth the affirmative defenses of qualified immunity (par. 18), absence of causal connection between the protected acts and adverse employment action (par. 22), failure to state a cause of action (par. 26), and a legitimate, non-discriminatory reason for plaintiff's termination (par. 19, 23).

5.      The Court is respectfully referred to the Defendants' Statement of Facts and Memorandum of Law for a review of the materials facts and legal argument in this matter.

Dated: White Plains. New York
       April 21, 2006

                                        Respectfully submitted,
                                        Boeggeman, George, Hodges & Corde

                                        _____
                                        Paul E. Svensson (PS 3403)
                                        Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARGARET PALMENTO,

        Plaintiff,    Docket No.:
                05 CIV. 2955(SCR)
 - against -

CITY OF MIDDLETOWN, JOSEPH  **STATEMENT OF**
DESTEFANO, MAYOR, CITY OF   **FACTS**
MIDDLETOWN, CHRISTOPHER FARINA,
FRANCES AMELIO and PHILLIP ROTELLA
sued in their individual Capacities
and as Commissioners of the City of
Middletown Civil Service Commission,

        Defendants.
------------------------------------------------------------------X

  Defendants, defendants, CITY OF MIDDLETOWN, JOSEPH DESTEFANO, MAYOR, CITY OF MIDDLETOWN, CHRISTOPHER FARINA, FRANCES AMELIO and PHILLIP ROTELLA sued in their individual Capacities and as Commissioners of the City of Middletown Civil Service Commission, by their attorneys BOEGGEMAN, GEORGE, HODGES & CORDE, P.C., hereby provide the following Rule 56 Statement of facts.

  1. Plaintiff, MARGARET PALMENTO, was the Civil Service Executive Administrator for the City of Middletown, for over18 years. (Plaintiff's Deposition Transcript annexed hereto as **EXHIBIT C**, p. 9; Exhibit A, par. 6).

  2. Plaintiff's position was in the exempt classification, making her terminable at will. (Exhibit A, par. 7).

  3. Plaintiff's duties included:

    (a) Setting up roster file cards, which detail a civil employees history of employment. (Exhibit C, p. 14).

(b) Certifying payroll. (Exhibit C, p. 13).

(c) Insuring seniority lay-off protection. (Exhibit C, p. 16).

(d) Ordering and administering civil service examinations. (Exhibit C, pp. 18-9).

(e) Collecting testing fees and making bank deposits. (Exhibit C, p. 21).

(f) Purchasing equipment and supplies. (Exhibit C, p. 22).

(g) Preparing an annual report. (Exhibit C, p. 21).

(h) Approving provisional and temporary appointments. (Exhibit C, p. 20).

4. The Civil Service Commission, a volunteer panel of up to three commissioners, supervised plaintiff's performance of these duties. (Exhibit C, p. 28).

5. On or about July 2002, Christopher Duncanson, the son of one of Mayor DeStefano's political adversaries, filed suit against the City of Middletown, the Civil Service Commission and Jeffrey Madden, on grounds that he was improperly bypassed for a civil service position. (Exhibit A, par. 19-22).

6. Plaintiff alleges that she "associated" herself with Duncanson by providing the court with a history of the position and civil service eligibility list, dated September 24, 2002 and annexed hereto as **EXHIBIT L**. (Exhibit A, par. 24).

7. Plaintiff did not speak to Mayor DeStefano about this letter, either before she wrote it or thereafter. (Exhibit C, p. 89).

8. During the period 2001 to February 2005, plaintiff rarely spoke with DeStefano. (Exhibit C, p. 90).

9. Plaintiff alleges protected speech in 2003 when she asserting proper procedure and ordered a civil service test for an Assessor's Aide position. (Exhibit A, par. 27-29; Exhibit C, pp. 52-4).

10. In 2003, Mayor DeStefano confronted plaintiff regarding the publication that Ms. Farley (who, at that time, was provisionally appointed as a secretary to the Tax Assessor) had failed the civil service secretarial examination. (Exhibit C, pp. 49, 52, 56, 58).

11. Plaintiff denied the accusation and nothing else was said. (Exhibit C, p. 61).

12. In 2003, plaintiff met with Tax Assessor Bonnie Bernaski and Mayor DeStefano regarding the Assessor's Aide position. (Exhibit C, p. 58-9).

13. The Assessor's Aide position was filed after the job title had been taken off of the Civil Service list of competitive class jobs. (Exhibit C, pp. 50-1).

14. The original title was part-time job and did not require a test. (Exhibit C, p. 51).

15. DeStefano and Bernaski objected to it being a testable position and plaintiff agreed to check with Albany to see if the position existed and if a test was required. (Exhibit C, pp. 63-4).

16. Plaintiff learned that a test was required for a full-time position and ordered a civil service test. (Exhibit C, pp. 51-2, 54, 67, 71).

17. In April 2003, she told Bernaski that a test was required. (Exhibit C, p. 64).

18. Plaintiff cancelled the test after Mayor DeStefano raised an objection to its requirement. (Exhibit C, pp. 70-1).

19. Plaintiff had no other conversation with DeStefano and could recall no details of the conversation she did have. (Exhibit C, pp. 73-4).

20. Plaintiff reordered the test in December 2004, based upon the results of the New York State audit. (Exhibit C, pp. 75-6; Exhibit D, p. 46; Exhibit E, p. 47).

21. Plaintiff related the reordering of the test to the Commission and Bernaski was advised. (Exhibit C, p. 76).

22. Plaintiff had no discussion with Mayor DeStefano. (Exhibit C, pp. 76-7).

23. From September 2003 through February 2005, Commission meetings were held monthly. (Exhibit C, p. 94). At the time of plaintiff's termination, the Commissioners were Christopher J. Farina, Frances J. Amelio and Phillip Rotella. (Exhibit A, par. 8).

24. Farina was appointed in August 2004. (Farina's Deposition Transcript annexed hereto as **EXHIBIT D**, p. 17).

25. Frances Amelio was appointed in August 2004. (Amelio's Deposition Transcript annexed hereto as **EXHIBIT E**, p. 30).

26. Phillip Rotella was appointed in August 2004. (Rotella's Deposition Transcript annexed hereto as **EXHIBIT F**).

27. The functions and duties of a Commissioner are spelled out in a reference guide provided by New York State. (Exhibit D, p.21).

28. The Administrator's job, which is spelled out by resolution of the Commission includes, among others, keeping current and updated roster records for

every employee to allow proper certification of payrolls, posting and scheduling of exams. (Exhibit D, p. 22).

29. The New York State Department of Civil Service conducted an audit of the Commission's operation in January 2003, annexed hereto as **EXHIBIT G**, and made nineteen recommendations for correction. (Exhibit C, pp. 34, 36, 138; Exhibit D, p. 23, 26; Exhibit E, p. 47).

30. The most serious shortfall was that the roster records were not up-to-date and were disorganized, which Mr. Farina discussed with plaintiff. (Exhibit D, p. 33).

31. Plaintiff acknowledged that the New York State auditor informed her, relative to her responsibilities, that:

    (a) The roster cards were not up to date. (Exhibit C, p. 34).

    (b) Some tests were not certified. (Exhibit C, p. 35).

    (c) Some appointments were in question, including those made without tests and those that did not follow priority hiring lists. (Exhibit C, pp. 35-6).

    (d) Payroll not certified and affected by poor maintenance of records. (Exhibit C, pp. 37, 41).

    (e) Commission office records in disarray. (Exhibit C, p. 38).

    (f) Commission records unreliable due to inaccuracy. (Exhibit C, p. 39).

    (g) Employment records needed to be reconstructed. (Exhibit C, p. 39).

32. Plaintiff said she had been trying to get to it. (Exhibit D, p. 34).

33. Mr. Farina recommended the hiring of additional clerical assistance to plaintiff if she could not handle the work. (Exhibit D, pp. 29-30).

34. Plaintiff expressed a preference not to have anybody working and involved in the operations of the office. (Exhibit D, pp. 30-1).

35. When Frances Amelio first learned of the New York State Audit, no response had been prepared. (Exhibit E, p. 51).

36. The New York State Department of Civil Service wrote Christopher Farina in January 2005 seeking an action plan in response to the State audit, annexed hereto as **EXHIBIT H**. That correspondence reflected plaintiff's "draft letter" was rejected in January 2004.

37. The first discussion by the Commissioners to terminate plaintiff was February 2005. (Exhibit E, p. 61).

38. The decision of the Commissioners to meet and discuss terminating plaintiff arose from a general dissatisfaction with a lack of progress, primarily in terms of the disorganization and poor management of the office; and lack of upkeep of the roster cards. (Exhibit D, p. 48).

39. Plaintiff's office was quite disorganized. (Exhibit E, pp. 34-5, 50, 63).

40. The Commissioners discussed the condition of her office and that roster cards were not kept up, and that plaintiff could not do the job. (Exhibit E, p. 63).

41. Plaintiff identified several photographs of her office area as fairly representing the conditions therein on February 8, 2005, annexed hereto as **EXHIBIT I, J and K**, but previously identified as Exhibits B, C and D. (Exhibit C, pp.100-101).

42. Exhibits I and J fairly and accurately reflect plaintiff's file cabinets on February 8, 2005. (Exhibit G; Exhibit H; Exhibit C, p. 100).

43. Exhibit K fairly and accurately reflects the condition of plaintiff's closet on February 8, 2005. (Exhibit I; Exhibit C, p. 100-101).

44. Plaintiff admitted that the office files contained many money orders, from prior tests, which had not been deposited. (Exhibit C, p. 103).

45. Plaintiff was terminated by Farina without input from Mayor DiStefano, after reaching consensus with Rotella and Amelio. (Exhibit E, pp. 62, 64, 69; Exhibit F, p. 30).

46. Joseph Masi replaced plaintiff and found "[t]he worst mess. Files, boxes, boxes strewn all over the place." (Masi deposition transcript annexed hereto as **EXHIBIT H**, p. 51).

47. Masi found 47 checks or money orders that had not been deposited since December 2004. (Exhibit H, p. 58).

48. As of March 21, 2005, 16 recommendations were outstanding pursuant to correspondence from the New York State Civil Service Commission, annexed hereto as **Exhibit I**.

49. Masi eventually implemented the New York State audit recommendations. (Exhibit H, p. 62).

Dated: White Plains, New York
April 21, 2006

*Paul E. Svensson*
_____
Paul E. Svensson (3403)

STATE OF NEW YORK ) 
                              S.S. 
COUNTY OF WESTCHESTER )

      MARIAN RENNA, being duly sworn, deposes and says:

1.     I am employed by the law firm of **BOEGGEMAN, GEORGE, HODGES & CORDE, P.C.**, counsel for Defendant(s) **CITY OF MIDDLETOWN, JOSEPH DESTEFANO, MAYOR, CITY OF MIDDLETOWN, CHRISTOPHER FARINA, FRANCES AMELIO and PHILIP ROTELLA, sued in their individual Capacities and as Commissioners of the City of Middletown Civil Service Commission,** I am over the age of 18 years and I am not a party to this action.

2.     On April 26, 2006 I served a true copy of the annexed **DEFENDANTS' NOTICE OF MOTION, AFFIRMATION, STATEMENT OF FACTS WITH EXHIBITS** with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York addressed to the last known address of all attorneys in this action, to wit:

TO:    LAW OFFICES OF MICHAEL H. SUSSMAN 
        Attorney for Plaintiff 
        40 Park Place 
        P.O. Box 1005 
        Goshen, New York 10924 
        (845) 294-3991

                                                  **MARIAN RENNA**

Sworn to before me this 
26th day of April, 2006.

/NOTARY PUBLIC

             SANTINA RACANELLI 
       NOTARY PUBLIC, State Of New York 
            No. 01RA6039710 
       Qualified In Westchester County 
      Commission Expires June 4, 2007